[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
de MOTION TO COMPEL (#149) AND ORDER THEREON
The most accurate statement made during the hearing was that real estate appraisal is an art. Like most art, beauty is in the eye of the beholder.
The parties' marriage was dissolved on October 19, 1990 by decree that gave the plaintiff first opportunity to buy out the defendant's interest in the jointly owned home known as 108 White Ave., Middlebury, CT. The defendant was given a similar subsequent opportunity if plaintiff failed to act. If both failed to act, then the parcel was to be sold on the open market.
Neither party acted, and the property was not listed for sale.
On August 3, 1992 the parties modified the judgment, summarized as a new buy-out by the plaintiff, the defendant not being interested in acquiring full title. Each party selected an appraiser to determine fair market value which they did. If the appraisals vary by more than 10%, the two appraisers were to select a third appraiser whose opinion was to be conclusive. The appraisers disagreed by more than 10% but the two appraisers never selected a third appraiser. Nothing further occurred until the present motion. CT Page 9831
The undersigned directed new appraisals be done. An incredible disparity now exists between the parties' appraisers. Suffice to say that neither appraisal impressed the court as even handed. Since the terms of the judgment now demand that the two appraisers agree on a third, binding appraiser, counsel for each party shall request the appraisers to so act. The time limitation for appointment is 7 days. If not agreed upon, the court shall appoint the appraiser. This order will give the plaintiff the opportunity to exercise her first opportunity to purchase which she has yet to enjoy, if she so chooses.
This matter is continued sine die until the need for another hearing arises.
The parties were able to agree that the plaintiff spent $6,290.07 on improvements and $771.98 on maintenance and repairs. The court finds that the plaintiff's expenditure of $2,050 for a furnace replacement to be an improvement. The court finds that the cold water well tank that was replaced to be an improvement. These findings and the stipulation are necessary for adjustments and credits, if the plaintiff purchases the defendant's interest.
So ordered.
HARRIGAN, J.